IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-16-119-R |
| ) | |
| JEREMY ANTOWAINE TAYLOR, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court are three letters sent to it by Defendant [Docs. 1888, 1889, 1890]. No response from the Government was necessary. The Court addresses Defendant's letters.

Defendant is serving a 156-month sentence for possession of heroin with intent to distribute. Relying on 18 U.S.C. § 3582(c)(1)(A), Defendant has thrice requested a sentence reduction based on his declining health condition and lack of adequate treatment while incarcerated. All three prior motions were dismissed for failure to exhaust administrative remedies [Docs. 1715, 1769, 1885]. The Court stated in its latest denial that it would also deny Defendant's motion on the merits if it were to reach them. Since that Order, Defendant has sent three separate letters to the Court. All three were received on October 30, 2023. The Court addresses them in the order Mr. Taylor sent them.

The first is a brief letter [Doc. 1888] requesting this Court appoint an attorney to help with the motion Mr. Taylor has before the Court. To the extent this request references help with Mr. Taylor's prior motion, the request is moot. This Court also denies the request if it is to be construed as requesting an attorney for a subsequent motion. "There is no right

1

to counsel . . . in sentence-reduction proceedings." *United States v. Williams*, 848 F. App'x 810, 813 (10th Cir. 2021) (citing *United States v. Olden*, 296 F. App'x 671, 674 (10th Cir. 2008) (unpublished)). Thus, Mr. Taylor is not entitled to appointed counsel, and the Court DENIES his request for such.

The second letter [Doc. 1890] appears to be a letter responding to the Government's Response in Opposition [Doc. 1884] to Mr. Taylor's motion. The Court construes this as Mr. Taylor's Reply it received after its Order issued. The Court has reviewed Mr. Taylor's arguments and finds no reason to alter or depart from the ruling issued in its Order [Doc. 1885].

The third letter [Doc. 1889] appears to be a letter reacting to this Court's Order and disputing the basis for it. This letter is not properly stated as a motion and, thus, does not comply with FED. R. CRIM. P. 47. Even construing the letter as a motion to reconsider, the Court finds it provides no supplemental evidence or documentation. Defendant has still not demonstrated he has fully exhausted his administrative rights to appeal within the Bureau of Prisons. Until he does so, the Court does not have jurisdiction to grant him relief. Therefore, the motion is DENIED.

**IT IS SO ORDERED** this 4th day of December 2023.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE